UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEVON A BROWN,

    Plaintiff,

v.                                  Case No. 8:24-cv-00385-WFJ-NHA

ANN COFFIN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

I recommend Plaintiff Devon A. Brown's renewed motion to proceed without pre-paying the filing fee (Doc. 11) be denied, and that his Amended Complaint (Doc. 10) be dismissed with prejudice, because it is barred by the Eleventh Amendment. While Plaintiff may have a non-frivolous argument that the garnishment of his Uber earnings violates Chapter 77, Florida statutes, he was required to assert such an argument with the court that issued the writ of garnishment.

    **I.**    **Background**

On February 20, 2024, Plaintiff filed a Complaint against Ann Coffin, Director of the Revenue Office of Child Support Enforcement; the Florida Department of Revenue, Office of Child Support Enforcement ("FDOR"); and Uber Technologies. Compl., (Doc. 1). Plaintiff alleged that FDOR, led by Ms.

Coffin, wrongfully garnished Plaintiff's earnings from Uber. *Id.* Plaintiff alleged FDOR notified Plaintiff that FDOR intended garnish Plaintiff's Uber earnings and that Plaintiff could "petition the tribunal that issued the original support order for a hearing on the matter." *Id.* at 4. Plaintiff maintains he "responded immediately, requesting the hearing" but FDOR nonetheless began garnishing Plaintiff's earnings "without said hearing." *Id.* pp. 4-5. Plaintiff asserted throughout his complaint that Defendants could not garnish his Uber earnings, because he was a contractor for, rather than an employee of, Uber. *Id.* at pp. 2-3, 6.

The Court construed Plaintiff's Complaint to include claims pursuant to 42 U.S.C. § 1983 against Ms. Coffin (Count One), FDOR (Count Two), and Uber (Count Four), for violating the Due Process Clause by garnishing Plaintiff's Uber earnings without a hearing; a claim against FDOR for fraud associated with garnishing Plaintiff's Uber earnings without Plaintiff's agreement (Count Three); and a claim pursuant to 31 U.S.C. § 3720D against Uber for garnishing Plaintiff's Uber earnings without Plaintiff's agreement (Count Five). Doc. 6 at p. 7. The Court found the Eleventh Amendment barred both of Plaintiff's claims against FDOR, and portions of his claim against Ms. Coffin. *Id.* at 14. And, as to the remaining claims, the Court found they were substantively frivolous, meaning they lacked an arguable basis either in law or in fact. *Id.* at pp. 15-22. The Court dismissed Plaintiff's Complaint and denied his motion to

proceed without pre-paying the filing fee, but offered him a chance to file again. Doc. 7. The Court noted that Plaintiff's argument that Defendants were garnishing his Uber Wages in violation of Chapter 77, Florida statutes was not obviously without merit. Doc. 6 at p. 23.

Plaintiff subsequently renewed his motion to proceed without pre-paying the filing fee (Doc. 11) and filed an Amended Complaint (Doc. 10). This time, Plaintiff brings a single claim: a claim for injunctive relief against Ms. Coffin for violating Chapter 77, Florida statutes. Am. Compl. (Doc. 10) at p. 1 and ¶ 5. Plaintiff alleges Ms. Coffin, in her role at FDOR, notified Plaintiff that FDOR intended to garnish Plaintiff's Uber earnings, and told Plaintiff that he could "petition the court that issued the original judgment" to contest it. *Id.* at p. 3. Plaintiff maintains he "immediately petitioned the tribunal that issued the order" but FDOR nonetheless began garnishing Plaintiff's earnings without Plaintiff having a right to be heard. *Id.* pp. 3–4. Plaintiff further asserts that Ms. Coffin lacks legal authority to garnish his Uber earnings, because he is a contractor for, rather than an employee of, Uber. *Id.* at pp. 2–3.

## II.   Standard of Review/Applicable Law

The federal statute that governs the right to bring a lawsuit without pre-paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a litigant to

commence an action in federal court "by filing in good faith an affidavit stating . . . that he is unable to pay the costs of the lawsuit." *Id.* "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To that end, section 1915 provides that a court shall dismiss a case if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325.

Federal courts must hold pro se filings (meaning those papers filed by a party who represents himself) to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). More specifically, a court must "provide[] pro se parties wide latitude when construing their pleadings and papers" and to "use common sense to determine what relief the party desires." *S.E.C. v. Elliot*, 953 F.2d 1560, 1582 (11th Cir. 1992). Nonetheless, courts need not exempt pro se litigants from complying with the requirements imposed by the law and rules of procedure. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Finally, independent of the Court's duty under section 1915(e) to evaluate the claim of a party proceeding in forma pauperis, the Court also has an obligation to ensure that subject matter jurisdiction exists. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000) (citing *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir.1999)). First, district courts have original jurisdiction over all civil actions where (1) the matter in controversy exceeds $75,000, exclusive of interest and costs, and (2) the parties are citizens of different states; this is called diversity jurisdiction. 28 U.S.C. § 1332. Second, federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, a complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction*

*Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). Critically, unless the party asserting jurisdiction proves otherwise, "[i]t is to be presumed that a cause lies outside [a federal court's] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### III. Analysis

Plaintiff seeks to enjoin Ms. Coffin from garnishing his Uber wages, which garnishment he alleges would violate Chapter 77, Florida statutes. Am. Compl. (Doc. 10) at p. 1 and ¶ 5. Specifically, Plaintiff complains that Ms. Coffin violated the Florida statute by (1) failing to abide by the processes and rules outlined in the statute, and (2) by garnishing income he earned as a contractor for, rather than an employee of, Uber. Am. Compl. (Doc. 10) at pp. 2–4.

As I previously noted, Plaintiff may have a substantively non-frivolous argument that state law prohibits garnishing income that he earned as an independent contractor. *See, e.g., Collar v. Abalux Inc.*, No. 16-20872-CIV, 2018 WL 4282838, at *4 (S.D. Fla. Sept. 6, 2018) (holding that a defendant could not use Florida's continuing garnishment statute to garnish earnings from an independent contractor); *DiFrancesco v. Home Furniture Liquidators, Inc.*, No. 06-21709-CIV, 2009 WL 36550, at *1 (S.D. Fla. Jan. 6, 2009) ("Florida's garnishment statute continuing writs of garnishment are available only for the garnishment of salary or wages."). However, this Court does not have

jurisdiction to hear that claim, both because it is a state law claim between two parties that both reside in Florida, and because the Eleventh Amendment bars the claim as it is framed in this case.

### A. This Court Does Not Have Jurisdiction Over the Claim.

Plaintiff brings a claim for violation of Chapter 77, Florida statutes, which is a state law claim. Again, federal courts, such as this Court, only have jurisdiction over civil actions that (1) arise under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or (2) lie between parties who are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332.

Here, the Court lacks the first type of jurisdiction (federal question jurisdiction), because Plaintiff alleges only a violation of state law; there is no question of federal law that a court must answer to resolve Plaintiff's case. Additionally, this Court lacks the second type of jurisdiction (diversity jurisdiction), because Plaintiff and Ms. Coffin both appear to be citizens of Florida. Am. Compl. (Doc. 10) at p. 4. Accordingly, this Court lacks jurisdiction over Plaintiff's Complaint.

### B. The Eleventh Amendment Also Bars Plaintiff's Claim.

Even if the Court had jurisdiction over the claim, the Eleventh Amendment would bar it. The Eleventh Amendment generally serves as a

jurisdictional bar to suing a state in federal court. *Pennhurst State Sch. Et Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (quoting *Employees v. Missouri Dep't of Public Health and Welfare*, 411 U.S. 279, 280 (1973)). The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Even though the Amendment expressly refers only to suits by citizens of another state or country, the immunity prevents a citizen from bringing suit against even his own State in federal court. *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987). The immunity afforded to states also extends to state agencies and state entities functioning as arms of the state. *Ross v. Jefferson Cty. Dep't of Health*, 701 F.3d 655, 659 (11th Cir. 2012). And, it extends to state officials acting in their official capacity, if the state is the real, substantive party in interest. *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990).

Plaintiff alleges Ms. Coffin violated state law by garnishing income he made as an independent contractor for Uber. Ms. Coffin serves as Director of the Office of Child Support Enforcement within FDOR, a state agency that helps administer the state's child support enforcement program established under Title IV Part D of the Social Security Act. Fla. Stat. § 20.21. Thus, the Eleventh Amendment's immunity presumptively applies to her.

Nonetheless, there are exceptions to Eleventh Amendment immunity. *Carr*, 916 F.2d at 1524. First, a state may expressly waive its immunity. *Pennhurst*, 465 U.S. at 99. Second, Congress can abrogate the immunity pursuant to Section Five of the Fourteenth Amendment. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 238 (1985). And, third, a party may sue for prospective injunctive relief in "a suit challenging the constitutionality of a state official's action." *Pennhurst*, 465 U.S. at 102 (discussing *Ex Parte Young*, 209 U.S. 123 (1908)).

Turning to the first exception, Florida has expressly waived, through legislation, its immunity in certain actions:

> Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act.

§ 768.28(1), Fla. Stat. The statute specifies that the waiver of immunity does not extend to "the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting

9

wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a).

Plaintiff sues Ms. Coffin for violating a state garnishment statute. This is not a traditional tort action for which Florida has expressly waived its immunity. And, further supporting the State's intent to immunize Ms. Coffin, the Florida Statutes provide "The [Florida Department of Revenue] and its officers, employees, and agents and all persons and agencies acting pursuant to contract with the department are immune from liability in tort for actions taken to establish, enforce, or modify support obligations if such actions are taken in good faith, with apparent legal authority, without malicious purpose, and in a manner not exhibiting wanton and willful disregard of rights or property of another." § 409.2564, Fla. Stat.; *see also* § 409.2554(5), Fla. Stat. (defining Department as Department of Revenue). Thus, the first exception to Eleventh Amendment immunity does not apply.

As to the second exception to Eleventh Amendment immunity, Congress could not have abrogated Eleventh Amendment immunity in a Florida state law claim, because the state law was not created by Congress. Thus, Congress has not undermined the Eleventh Amendment's bar the claim Plaintiff brings against Ms. Coffin.

The final exception to Eleventh Amendment immunity applies when a party seeks prospective injunctive relief prohibiting an unconstitutional act by

10

a state official. *Ex Parte Young*, 209 U.S. at 159-60. This doctrine only applies when a complaint (1) alleges an ongoing and continuous violation of *federal law*, *see id.*, and (2) requests relief that can be characterized as "prospective," *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011) (citation omitted); *see also Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." (citation and internal quotation marks omitted)).

Here, Plaintiff does seek prospective injunctive relief. However, he does not allege any violation of federal law such that the third exception of Eleventh Amendment immunity applies. *Summit Med. Assocs.*, P.C. v. Pryor, 180 F.3d 1326, 1337 (11th Cir. 1999) ("[T]he *Ex parte Young* doctrine applies only to ongoing and continuous violations of federal law.")

In sum, the Eleventh Amendment divests the Court of subject matter jurisdiction over Plaintiff's claim against Ms. Coffin. *Welch v. State Dept. of Highways and Public Transportation*, 483 U.S. 468, 472 (1985) (The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state).

Because the Plaintiff does not invoke the Court's jurisdiction, his claim cannot succeed and is, therefore, frivolous.

That said, the finding that this Court lacks jurisdiction to consider the merits of Plaintiff's argument, or to grant him any relief that might flow from it, does not indicate that the Court finds Plaintiff's substantive argument to be clearly without merit. *See, e.g., Collar*, 2018 WL 4282838, at *4 (holding that a defendant could not use Florida's continuing garnishment statute to garnish earnings from an independent contractor); *DiFrancesco*, 2009 WL 36550, at *1 ("Florida's garnishment statute continuing writs of garnishment are available only for the garnishment of salary or wages."). A standalone lawsuit against the state or its actors simply cannot serve as the vehicle to advance it.

## IV. Conclusion

For the reasons stated above, I find that the Court lacks jurisdiction over Plaintiff's claim against Ms. Coffin. Given that Plaintiff cannot amend this claim to bring it within this Court's jurisdiction, I find that further amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment [] where there has been . . . repeated failure to cure deficiencies by amendments previously allowed . . . or . . . where amendment would be futile.") Plaintiff was required to file any exemptions to garnishment with the court that issued the writ of garnishment.

Accordingly, I **RECOMMEND**:

(1) Plaintiff's renewed motion to proceed in forma pauperis (Doc. 11) be DENIED without prejudice;

(2) Plaintiff's Amended Complaint be DISMISSED without prejudice, subject to the right of Plaintiff to file his exemptions to garnishment with the court that issued the writ of garnishment.

REPORTED on May 6, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.